541 A.2d 1010
**Joseph Anthony GOODMAN**
v.
**Denise Carole GOODMAN.**
**No. 1273, Sept. Term, 1987.**
Court of Special Appeals of Maryland.
June 7, 1988.

Earl G. Delarue, Towson, for appellant.

John M. Kerney, Towson, for appellee.

Argued before GARRITY, KARWACKI and POLLITT, JJ.

GARRITY, Judge.

The appellant, Joseph Anthony Goodman, asks us to review the decision of the lower court to deny his motion for a new trial.

*Facts*

The appellant filed a complaint against the appellee, Denise Carole Goodman, seeking recision of a separation agreement on the grounds of fraud, duress, and undue influence. He claimed that the appellee pressured and misled him into signing the agreement by giving him the impression that the appellee's attorney was also protecting his interests.

On July 10, 1987, a trial on the merits was held in the Circuit Court for Baltimore County (Nickerson, J.). The court found "no basis on which to set aside the separation agreement."

After closing arguments, counsel for the appellee moved for attorney fees pursuant to Rule 1-341. In granting the motion for attorney fees, the trial judge found that nothing "ha[d] been presented that amounts to substantial justification for the filing and prosecution of this action," and granted the motion for counsel fees. The appellant appealed.

Upon receiving a copy of the Transcript of Trial, the appellant's counsel noticed that the portion of the trial from which he was appealing, specifically the appellee's motion for attorney fees, was missing from the transcript. He contacted the Court Reporter and was told that the portion in question had not been recorded as there had not been a request to do so.

The appellant filed a Motion for New Trial and Administrative Investigation. Judge Nickerson denied the motion.

I.

On appeal, the appellant asks us to determine whether the forwarding of a faulty and incomplete record by the Circuit Court for Baltimore County deprives him of a meaningful and just appeal. Our review of the record, however, reveals that the only issue before us is whether the lower court erred in denying the appellant's Motion for a New Trial. *New Freedom Corp. v. Brown,* 260 Md. 383, 272 A.2d 401 (1971).

In his Memorandum Opinion and Order of July 14, 1987, Judge Nickerson pointed out that there had not been any evidence presented to the court that "remotely amounts to substantial justification" for the filing of the action.

After a Motion to Amend the Judgment was filed by appellant's counsel, the trial judge, on July 30, 1987, again stated his reasoning for awarding counsel fees. As further rationale, the trial judge cited the Rules of Professional Conduct prohibiting a lawyer from instituting frivolous proceedings or abusing legal procedure.

Not deterred by the opinion of Judge Nickerson as to frivolousness, appellant's counsel, on December 7, 1987, filed a Motion for New Trial and Administrative Investigation on the grounds that he discovered the request for attorney fees had not been transcribed.

■ The appellant argues that, "[s]ince pertinent information was omitted from the transcript, a new trial is in order." The "pertinent information" omitted was that of a request for attorney fees made by the appellee at the end of his closing argument. Neither the closing argument nor the request for attorney fees had been recorded, as counsel had not requested the court stenographer to record the post trial remarks in accordance with Md. Rule 1224 d.2.(a) or (c). We hold that the trial judge properly denied appellant's Motion for New Trial.

## II.

■ The appellee has moved this court for attorney fees, pursuant to Rule 1–341, claiming that this appeal was taken in bad faith and without substantial justification. She argues that as neither counsel requested closing arguments or the motion to be recorded, as required by Rule 1224 d.2.(a) and (c), the appellant knew that the basis of his appeal, "as far as the written word, or transcript, was concerned," was non-existent.

In response, the appellant argues that the appellee's motion is misleading in that he "did not learn of the missing

portion of the trial transcript until approximately three months subsequent to initiating this appeal."

Our review reveals nothing whatsoever within the appellee's motion that is misleading. It is clearly evident that it is the responsibility of counsel to request specifically the transcription of final argument or motions. Appellant's counsel failed to do so.

We, therefore, hold that this appeal was filed without substantial justification. Upon our review of the record, we shall grant the appellee's motion for attorney fees in the amount of $1,436.25, which we deem to be reasonable, and assess them jointly and severally against the appellant and counsel for the appellant, Earl G. Delarue, Esquire.

JUDGMENTS AFFIRMED; COST TO BE PAID BY APPELLANT; APPELLEE'S MOTION FOR APPELLATE ATTORNEY FEES GRANTED AND ASSESSED AGAINST THE APPELLANT AND HIS COUNSEL, EARL G. DELARUE, ESQUIRE, IN THE AMOUNT OF $1,436.25, JOINTLY AND SEVERALLY.